# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MEMPHIS TENNESSEE WESTERN DIVISION

**Jeffery Stewart,**

    Plaintiffs,

vs

**City of Covington, Officer R. Guarian #0931, in his official capacity,**

    Defendants.

                                    **JURY TRIAL DEMANDED**

## COMPLAINT

Comes now Plaintiffs, Jeffery Stewart, and for this cause of action would show the following:

### INTRODUCTION

1. This action is brought pursuant to the laws in the State of Tennessee and under the United States Constitution.

2. This action is brought pursuant to 42 U.S.C. §1983, §1985(2) (3), and all applicable state and federal laws which are consistent with the facts as alleged in this Complaint.

3. This action alleges: Negligence; Filing of False Report; Failure to Protect; Abuse of Process; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress; and any and all causes of action consistent with the facts of the case.

## PARTIES

4. Plaintiff, Jeffery Stewart, is and at all times pertinent herein, has been, a resident citizen of Covington, Tipton County, Tennessee.

5. Defendant, City of Covington, is responsible for the administration and governance of the Covington Police Department, which is located in Tipton County, Tennessee.

6. Defendant Police Officer R. Guarian, engaged in the conduct complained of while on duty.

7. The facts and occurrences hereinafter set forth took place in Tipton County, Tennessee.

8. Venue is proper in this federal judicial district pursuant to 28 USC§ 1391 and 28 USC§ 1332.

## FACTS

9. Plaintiff, on April 14, 2022, was lawfully hunting on private property owned by Louis Arthur Edwards, when he was confronted by Ronnie Edwards.

10. Ronnie Edwards threatened Plaintiff and told him to get off of the property.

11. Ronnie Edwards then threatened to kill Plaintiff.

12. Ronnie Edwards then pulled out a gun, and assaulted Plaintiff with the gun while cursing Plaintiff out.

13. Ronnie Edwards viciously attacked and knocked Plaintiff to the ground, causing injuries to Plaintiff and significant medical bills.

14. Plaintiff had his phone knocked away from him and his eye glasses knocked away from him.

15. Eventually, Plaintiff recovered and called Defendant City of Covington by calling police dispatch.

16. While on the phone with dispatch, Defendant Guarian arrived on the scene but rushed straight to Ronnie Edwards, a member that was well known by Defendant City of Covington.

17. While talking with Ronnie Edwards, Plaintiff also spoke with Defendant Guarian about the life threatening events that had occurred by Ronnie Edwards towards him.

18. While relaying this information to Defendant Guarian, Ronnie Edwards continued to threaten, violently lunge, and curse at Plaintiff.

19. Defendant Guarian, through his words and actions, physically and verbally held Ronnie Edwards back and made it clear that he was not going to allow Plaintiff to be assaulted, and that he would review all the evidence and arrest Ronnie Edwards if the evidence supported an arrest.

20. Defendant Guarian also talked to a witness on the scene, who confirmed that Plaintiff was assaulted by Ronnie Edwards but he did not confirm whether a gun was used.

21. Plaintiff also gave a verbal and written statement of what had occurred.

22. Defendant Guarian was clear and understood that a failure to act could lead to more harm to Plaintiff.

23. With this understanding, Defendant Guarian informed Plaintiff that he would take care of it, and Plaintiff relied on these representations.

24. Plaintiff was justified in relying on these representations, and eventually left the scene.

25. However, when Plaintiff followed up with Defendant City, he learned that Defendant Guarian provided a false offense report.

26. The false offense report stated that the issue involved a trespassing that was resolved with a warning.

27. The report intentionally excluded that Ronnie Edwards vigorously attempted to assault Plaintiff in Defendant Guarian's presence, with Defendant Guarian himself holding back Ronnie Edwards.

28. Defendant City, after learning the additional details, took another statement from Plaintiff.

29. Defendant City however, elected not to further investigate the matter, and refused to go back on to the scene or talk to witnesses even though it specifically stated to Plaintiff that it would do so.

30. Plaintiff even offered to take Defendant City to the location where he was attacked, as he was brutalized in such a manner that the ground was still disturbed, and left indentations where Plaintiff was.

31. Defendant declined to review the crime scene, stating, without looking at anything, that it was too late and that they would not find any evidence.

32. Defendants and Covington Police Department Officers, multiple individuals, informed Plaintiff that they were aware of what happened to Plaintiff, but they wanted the matter to go away so that Ronnie Edwards would not get in trouble.

33. Defendant City even refused to send officers to the hospital to take statements from Plaintiff and the hospital staff regarding the incident, when contacted by the hospital staff directly.

34. Defendants had an ulterior motive which was: to make this matter go away; to help Ronnie Edwards; and to do as little work as possible.

35. Defendants, by writing a knowingly inaccurate Incident Report, has made it difficult for Plaintiff to recover for his medical damages, which was one of the reasons the Incident Report was written the way that it was.

36. Defendants would normally have immunity pursuant to T.C.A. 29-20-20 (a).

37. However, based upon the conduct of the governmental employees and pursuant to T.C.A. 29-20-205 (1) (2), the Tennessee Governmental Tort Liability Act immunity is removed from Defendants.

38. Defendant City has failed to provide adequate training or supervision for the police officers and that its failure to train and supervise its officers has become a custom that has resulted in repeated incidents of giving warnings, or refusing to investigate matters even after personal assurances are made that they would in fact investigate a matter.

39. Defendants are negligent for not having a policy in place that checks or verifies the accuracy of reports.

40. Defendants are negligent for refusing to send investigating officers on the scene, or to hospitals, to get material evidence from victims.

41. City of Covington police officers are trained to give warnings, instead of investigating criminal matters, even after they have given assurances that they would to victims.

42. City of Covington police officers have a practice of writing Incident Reports in

ways that due not accurately reflect what has occurred, and thus create a false offense report in violation of T.C.A. 39-16-502, as well as creates violation of the United States and Tennessee Constitution.

43. Plaintiff has experienced significant humiliation and embarrassment, emotional distress and pain based on Defendants' conduct.

44. Plaintiff has incurred significant medical bills with recovery of those bills being made extremely difficult due to Defendants' intentional and negligent conduct of creating records that are not accurate and based on their failing to investigate.

WHEREFORE, Plaintiffs respectfully prays that this Court enter a judgment against the defendants as follows:

    A. An award of $60,000 in compensatory damages and any other such relief as appropriate.

Respectfully Submitted,

s/ *Terrell Tooten*
Terrell Tooten, BPR No. 028506
Attorney for Plaintiffs
5744 Rayben Circle,
Memphis, TN, 38115
901-609-3622 Telephone;
x99tooten@gmail.com